1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10   JOSE LUIS BARRCENA,              )   CASE NO. CV 14-535-PJW
                                      )
11                  Petitioner,       )
                                      )   MEMORANDUM OPINION AND ORDER
12             v.                     )   DISMISSING PETITION AND DENYING
                                      )   CERTIFICATE OF APPEALABILITY
13   AUDREY KING, ET AL.,             )
                                      )
14                  Respondents.      )
     _____)

15

16                                   I.

17                              INTRODUCTION

18        Petitioner filed this Habeas Corpus Petition pursuant to 28

19   U.S.C. § 2241, alleging that he is being detained in state custody in

20   violation of his federal constitutional rights.  Respondent moves to

21   dismiss the Petition, arguing that Petitioner's claims are unexhausted

22   and that the Court should abstain from intervening in a pending state

23   proceeding.  For the following reasons, the motion is granted and the

24   Petition is dismissed.[1]

25

26

27
     _____
28
          [1]  The parties have consented to having the magistrate judge
     resolve the merits of this case.  (Doc. Nos. 7 and 11.)

II.

SUMMARY OF PROCEEDINGS

Petitioner is a civil detainee currently confined at Coalinga State Hospital pursuant to California's Sexually Violent Predator law. He is awaiting a probable cause determination and jury trial on whether he should be civilly committed as a sexually violent predator ("SVP"). He claims that he is a Mexican citizen subject to deportation due to his conviction for an aggravated felony. He asks the Court to dismiss the pending SVP proceedings and require the federal government to either deport him or allow him to voluntarily return to Mexico.

A.   Background

In 2005, Petitioner pled guilty in Los Angeles County Superior Court to felony child molestation and was sentenced to three years in prison. (Lodged Document No. 1.) In 2007, the Los Angeles County District Attorney initiated civil commitment proceedings alleging that Petitioner was an SVP. (Lodged Document No. 2.) In October 2007, the Superior Court determined that there was probable cause to detain him as an SVP. (Lodged Document No. 3.) The court denied Petitioner's request to have the civil commitment petition dismissed and be released to federal immigration authorities. (Lodged Document No. 3.) Petitioner did not appeal that decision or seek review in the California Supreme Court. (*See* Lodged Document Nos. 4-5.) He is currently in state custody awaiting a renewed probable cause determination and, subsequent to that, a trial to determine whether he should continue to be civilly committed as an SVP. (*See* Lodged Document No. 3.)

1 B.    <u>Federal Claims</u>

2      In February 2014, Petitioner filed the instant First Amended

3 Petition for Writ of Habeas Corpus ("Petition").  In it, he claims

4 that he is subject to mandatory deportation to Mexico in light of the

5 fact that he has been convicted of an aggravated felony (i.e., child

6 molestation).  (Petition at 1.)  He argues that his continued

7 detention pursuant to California's SVP laws violates his due process

8 and equal protection rights as well as the Supremacy Clause of the

9 United States Constitution.  (Petition at 2-4.)  He also contends that

10 the SVP law is unconstitutionally vague and overbroad and was never

11 meant to be applied to aliens subject to mandatory deportation.

12 (Petition at 3.)  As such, he requests that he be transferred to

13 federal custody for deportation to Mexico or be released from custody

14 so that he can voluntarily return to Mexico.  (Petition at 5.)

15                                III.

16                              ANALYSIS

17      As a matter of comity between state and federal courts, a federal

18 court will generally not address the merits of a habeas corpus

19 petition unless a petitioner has first exhausted his state remedies.

20 *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  Indeed, the Court is not

21 empowered to grant a habeas petition unless the claims have been

22 exhausted or there is no available state remedy.  *See* 28 U.S.C.

23 § 2254(b)(1); *see also Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir.

24 2012) ("As a prudential matter, courts require that habeas petitioners

25 exhaust all available judicial and administrative remedies before

26 seeking relief under § 2241.").  To exhaust state remedies, a

27 petitioner must present his claims to the highest court of the state

28

1   and that court must dispose of them on the merits.  *O'Sullivan v.*

2   *Boerckel*, 526 U.S. 838, 842, 844-45 (1999).

3       Petitioner acknowledges that he did not present his claims to the

4   California Supreme Court.  (Petitioner's Response to Motion to Dismiss

5   at 5.)   Thus, they are unexhausted and the Petition is subject to

6   dismissal on that ground.  *See Raspberry v. Garcia*, 448 F.3d 1150,

7   1154 (9th Cir. 2006) ("Once a district court determines that a habeas

8   petition contains only unexhausted claims, it need not inquire further

9   as to the petitioner's intentions.  Instead, it may simply dismiss the

10  habeas petition for failure to exhaust.").  Nevertheless, he argues

11  that he is not required to exhaust his claims because they involve a

12  fundamental miscarriage of justice.  (Response at 5.)   There is no

13  merit to this argument.

14      Where a state court concludes that a petitioner's claims are

15  procedurally defaulted, a federal court can look past the state

16  court's ruling and reach the merits if it finds that there is cause

17  and prejudice for Petitioner's delay or a fundamental miscarriage of

18  justice would result if the court did not address the merits.  *See*

19  *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).  But that is not the

20  case, here.  Petitioner has *never* presented his claims to the

21  California Supreme Court and, thus, his claims are not procedurally

22  defaulted.[2]  Instead, they are unexhausted and subject to dismissal

23  for that reason.  *See, e.g., Samuels v. King*, 2014 WL 585452, at *4-5

24

25

_____

26      [2]  Nor is it clear that the California Supreme Court would find
    Petitioner's unexhausted claims procedurally defaulted under state
27  law.  *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989) (finding
    petitioner may meet the exhaustion requirement when it is clear that
28  the claims are defaulted under state law).

4

1 (C.D. Cal. Feb. 14, 2014) (dismissing on exhaustion ground deportable

2 alien's claim that he was not subject to SVP laws).[3]

3                                   IV.

4                               CONCLUSION

5      For these reasons, the Petition is denied and the action is

6 dismissed without prejudice.  Further, because Petitioner has not made

7 a substantial showing of the denial of a constitutional right or that

8 the court erred in its procedural ruling, he is not entitled to a

9 certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2); *Miller-El*

10 *v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S.

11 473, 484 (2000); *see also* Fed. R. App. P. 22(b).

12      IT IS SO ORDERED.

13      DATED: July 8, 2014.

14

15

16                        _____
                          PATRICK J. WALSH
                          UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22 S:\PJW\Cases-State Habeas\BARRCENA, J 535\Memorandum Opinion.wpd

23 ───────────────────────

24      [3]   In light of this ruling, the Court need not and does not
address Respondent's contention that the Court should abstain from
25 exercising its jurisdiction in this matter pursuant to *Younger v.*
*Harris*, 401 U.S. 37 (1971).  Further, the Court notes that, though
26 Respondent also argued that the Petition should be dismissed because
it was unverified, (Motion to Dismiss ("MTD") at 5), Petitioner
27 subsequently verified the Petition.  (Petitioner's Re-Submitted
Proposed First Amended Petition.)  Accordingly, Respondent's motion to
28 dismiss on this ground is denied as moot.